This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 34,690**

**JOSEPH MEYERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci Beyers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from a conviction for breaking and entering. We previously issued a notice of proposed summary disposition in which we proposed to uphold the

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.  We therefore affirm.

{2}     Defendant has raised a single issue, contending that the district court erred in failing to grant a mistrial based on a witness' reference to Defendant's involvement in a "domestic disturbance" prior to the events forming the basis for his conviction. [DS 3] In the notice of proposed summary disposition, we observed that we lacked information about the relevant context. [CN 2] Under the circumstances, we made certain assumptions about the comment. [CN 2]

{3}     In conjunction with his memorandum in opposition, Defendant has supplemented the record with a partial transcript of the trial proceedings.  This allows us to engage in a more thorough analysis of the merits.

{4}     The transcript reflects that the statement at issue was, in fact, "isolated and spontaneous," as we presumed. [CN 2] It was elicited by the prosecutor in the course of her direct examination of one of the officers who responded to the scene. The officer explained that he had patted Defendant down, advised him to have a seat, and asked his name. [TR 9] The prosecutor then asked the witness, "So after you had him have a seat, what did you do?" [TR 10] In response the officer stated, "I proceeded to gather his basic information. At that time, he proceeded to state that earlier that evening he was kicked out of his residence at another address on South Espina by

officers due to the fact that he was involved in a disturbance." [TR 10] Defense counsel objected, and at a sidebar requested a mistrial based on the witness' improper reference to "any disturbances, any past criminal acts." [TR 10] The prosecutor noted that the statement was not a direct response to her question, and further, there were no charges and no details. [TR 10] The judge proposed to give a curative instruction to the jury telling them that the witness' statement was not responsive and that they should not consider the reference to the disturbance. [TR 10-11] Defense counsel again stated his request for a mistrial, "for the record . . . with the understanding of what the court [was] going to do." [TR 11] The judge then instructed the jury as proposed: that "the officer's last response regarding a disturbance was not responsive to the question," that it would be "struck from the record," and that the matter was not to be considered in deliberations. [TR 11] We perceive no abuse of discretion.

{5}     The foregoing summary clearly reflects that the officer's comment was both spontaneous and isolated. As we previously observed in the notice of proposed summary disposition, under such circumstances a curative instruction is sufficient. *See State v. Fry*, 2006-NMSC-001, ¶ 53, 138 N.M. 700, 126 P.3d 516 (observing that a curative instruction is generally regarded as a sufficient response to an inadvertent remark about a defendant's prior criminal history); *State v. Gonzales*, 2000-NMSC-028, ¶ 37, 129 N.M. 556, 11 P.3d 131 (holding that a curative instruction minimized

any prejudice caused by a witness' inadvertent remark about the defendant's prior bad acts, and consequently, the district court did not abuse its discretion in denying the defendant's motion for mistrial), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

{6} Defendant acknowledges the foregoing principles and authorities. [MIO 4-5, 8] However, he suggests that a departure is warranted in this case. To the extent that the officer "intentionally testified contrary to [a] limiting instruction" that had previously been issued by the court, Defendant contends that the comment should be regarded as intentional misconduct on the part of the "prosecutorial team." [MIO 6] However, it is not immediately clear that the officer's reference to a "disturbance" represented deliberate disregard for the court's pretrial admonition, and we will not presume bad faith. *See, e.g.*, *State v. LeFebre*, 2001-NMCA-009, ¶¶ 24-25, 130 N.M. 130, 19 P.3d 825 (declining to presume that a police officer's unsolicited testimony about the defendant's prior criminal history represented a willful violation of the court's pretrial exclusion of such evidence). Moreover, as Defendant acknowledges, his novel argument for application of the prosecutorial misconduct analysis to testifying members of the prosecutorial team is presently unsupported by published authority, and we decline the invitation to extend our jurisprudence as Defendant has requested in this case. [MIO 6] *See State v. Herrera*, 2014-NMCA-007, ¶ 22, 315 P.3d

343 (rejecting a similar request to extend the prosecutorial misconduct analysis to unsolicited comments on silence by police witnesses).

**{7}** Finally, we understand Defendant to contend that the witness' statement was so prejudicial that the general rule, by which curative instructions are regarded as sufficient responses in cases such as this, should be deemed inapplicable. [MIO 8-9] However, we do not regard the isolated reference to Defendant's involvement in an unspecified "disturbance" as sufficiently inflammatory to require the extraordinary relief requested. *See, e.g.*, *Gonzales*, 2000-NMSC-028, ¶¶ 36-37 (holding that a curative instruction minimized any prejudice from a witness' inadvertent remark that the defendant was incarcerated on a bomb charge, and accordingly, the trial court did not abuse its discretion in denying a motion for mistrial); *State v. Fike*, 2002-NMCA-027, ¶ 18, 131 N.M. 676, 41 P.3d 944 ("Prejudice caused by an unsolicited remark can usually be dissipated by a curative instruction.").

**{8}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

5

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**